STEFANIE H. CLEMENT, ESQ.
Nevada Bar No. 6255
9960 W. Cheyenne Ave., Suite 190
Las Vegas, NV 89129
(702) 341-6997-Office
(702) 341-6558 - Fax
Attorneys for DEBTOR
sclement@clementlawoffices.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

JUSTIN RAY WILSON and
JANINE LOUISE WILSON

Debtor.

BK-09-28502-LBR
Chapter 13

Hearing Date: December 10, 2009
Hearing Time: 2:30 p.m.

### MOTION TO VALUE COLLATERAL,"STRIP OFF" AND MODIFY RIGHTS OF BANK ONE/CHASE, PURSUANT TO 11 U.S.C. SECTION 506(a) AND SECTION 1322

Now Comes JUSTIN RAY WILSON and JANINE LOUISE WILSON, (hereinafter the "debtors"), by the law firm of CLEMENT LAW OFFICES, and attorney STEFANIE H. CLEMENT, ESQ., and moves this Court pursuant to 11 U.S.C. Sections 506(a) and 1322, and Bankruptcy Rules 3012 and 9014, and states:

1. Debtor filed the instant Chapter 13, Case No.09-28502 on September 30, 2009.

2. On the petition date debtor owned real property located at 4808 Martinelli Court, Las Vegas, Nevada 89130 (hereinafter the "Subject Property").

3. The value of the Subject Property was not more than $188,306.00 at the time the instant petition was filed. (See Exhibit "A" attached hereto and incorporated herein by reference.)

4. On the petition date, the Subject Property was subject to the following:

US BANK HOME MORTGAGE   (First Deed of Trust);  $269,695.00

BANK ONE/CHASE (Second Deed of Trust);   $91,657.00

1

5. Therefore, on the petition date, no equity existed in the Subject Property above the First Deed of Trust claim of $269,695.00.

6. BANK ONE/CHASE's Second Deed of Trust claim was wholly unsecured on the petition date and if the Subject Property was sold at auction Bank One/Chase would be receiving nothing on its second deed of trust.

7. Accordingly, the debtor requests this Court find that BANK ONE/CHASE's Second Deed of Trust claim is unsecured and is to be reclassified as a general unsecured claim to receive payment, if any, pro rata with other general unsecured creditors through the Debtor's chapter 13 plan.

## LEGAL ARGUMENT

In In re Zimmer, 313 F.3d 1220 (9th Cir. 2002), the Court stated wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. Section 506(a), despite the anti-modification language in Section 1322(b)(2). Specifically, the Court held (at p. 1222-1223):

> Section 506(a) divides creditors' claims into "secured claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, Section 506(a) makes clear that the status of a claim depends on the valuation of the property.
>
> An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim.
>
> 11 U.S.C. Section 506(a). To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."

Here, it is plain that BANK ONE/CHASE'S claim for the repayment of its loan on the second deed of trust is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Also, see, for example, In re Schreiner, 2008 Bankr. Lexis 116 (U.S. Bankr. Ct., D.Mt., 2008)

2

and Scott v. Countrywide Home Loans, Inc. (In re Scott) 376 B.R. 285 at 291(Bankr.D.Idaho, 2007), citing In re Zimmer, supra, with approval.

Accordingly, since BANK ONE/CHASE'S Second Deed of Trust claim is wholly unsecured (in that there is no extant equity above the first deed of trust on the Subject Property), this Court should reclassify BANK ONE/CHASE Second Deed of Trust claim as a general unsecured claim to be paid pro rata with like unsecured creditors. BANK ONE/CHASE should also be stripped off of its Second Deed of Trust secured rights under State law since no maintainable security interest in the subject property exists.

Further, the debtor is not required to file an adversary proceeding to achieve the requested relief herein. Debtor may bring a motion to "strip off" BANK ONE/CHASE'S Second Deed of Trust consensual lien by motion. Se In re Williams, 166 B.R. 615 (Bankr.E.D.Va.1994), In re Fuller, 255 B.R. 300 (Bankr.W.D.Mich.2000), In re Hoskins, 262 B.R.693 (Bankr.E.D.Mich.2001), In re King, 290 B.R. 641 (Bankr.C.D.Ill.2003), In re Millspaugh, 302 B.R. 90 (Bankr.D.Idaho 2003), Dickey v.Ben.Fin (In re Dickey) 293 B.R. 360 (Bankr.M.D.Pa.2003), In re Hill, 304 B.R. 800 (Bankr.S.D.Ohio 2003); In re Sadala 294 B.R. 180 (Bankr.M.D.Fla.2003), In re Fisher, 289 B.R. 544 (Bankr.W.D.N.Y.2003), In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004), In re Bennett, 312 B.R. 843 (Bankr.W.D.Ky.2004).

WHEREFORE, debtor prays that this Court:

1. "Strip off" and extinguish BANK ONE/CHASE'S Second Deed of Trust wholly unsecured lien pursuant to 11 U.S.C. Section 506(a) upon completion of the debtor's chapter 13 plan payments;

2. Reclassify BANK ONE/CHASE'S Second Deed of Trust claim as a general unsecured claim to be paid, if at all, pro rata with other general unsecured creditors through the debtor's chapter 13 plan;

/ / /

/ / /

/ / /

/ / /

/ / /

3

1  3. Deny BANK ONE/CHASE'S right to receive any payment on its Second Deed of Trust during
2  the term of debtor's chapter 13 plan; and
3  4. For such other and further relief as the Court finds appropriate.
4  DATED:  October 27, 2009

Respectfully submitted,

STEFANIE H. CLEMENT, P.C.

By _____
**STEFANIE H. CLEMENT, ESQ.**
Attorney for Debtor
9960 W. Cheyenne Ave., Suite 190
Las Vegas, Nevada 89129

CLEMENT LAW OFFICES
9960 W. Cheyenne Ave., Suite 190
Las Vegas, Nevada 89129
(702) 341-6997 - Fax 341-6558

**EXHIBIT "A"**

| GENERAL INFORMATION | |
|---|---|
| PARCEL NO. | 138-12-601-010 |
| OWNER AND MAILING ADDRESS | WILSON JANINE LOUISE & JUSTIN R<br><br>4808 MARTINELLI CT<br>LAS VEGAS NV 89130-3012 |
| LOCATION ADDRESS<br>CITY/UNINCORPORATED TOWN | 4808 MARTINELLI CT<br>LAS VEGAS |
| ASSESSOR DESCRIPTION | PARCEL MAP FILE 30 PAGE 47<br>LOT 2<br><br><br>SEC 12 TWP 20 RNG 60 |
| RECORDED DOCUMENT NO. | * 20051011:03775 |
| RECORDED DATE | 10/11/2005 |
| VESTING | JOINT TENANCY |

\*Note: Only documents from September 15, 1999 through present are available for viewing.

| ASSESSMENT INFORMATION AND SUPPLEMENTAL VALUE | |
|---|---|
| TAX DISTRICT | 200 |
| APPRAISAL YEAR | 2009 |
| FISCAL YEAR | 09-10 |
| SUPPLEMENTAL IMPROVEMENT VALUE | 0 |
| SUPPLEMENTAL IMPROVEMENT ACCOUNT NUMBER | N/A |

| REAL PROPERTY ASSESSED VALUE | | |
|---|---|---|
| FISCAL YEAR | 2008-09 | 2009-10 |
| LAND | 61250 | 35000 |
| IMPROVEMENTS | 30941 | 30907 |
| PERSONAL PROPERTY | 0 | 0 |
| EXEMPT | 0 | 0 |
| GROSS ASSESSED (SUBTOTAL) | 92191 | 65907 |
| TAXABLE LAND+IMP (SUBTOTAL) | 263403 | 188306 |
| COMMON ELEMENT ALLOCATION | 0 | 0 |
| TOTAL ASSESSED VALUE | 92191 | 65907 |
| TOTAL TAXABLE VALUE | 263403 | 188306 |

| ESTIMATED LOT SIZE AND APPRAISAL INFORMATION | |
|---|---|
| ESTIMATED SIZE | 0.46 Acres |
| ORIGINAL CONST. YEAR | 1985 |
| LAST SALE PRICE<br>MONTH/YEAR | 126000<br>07/99 |
| LAND USE | 1-10 RESIDENTIAL SINGLE FAMILY |
| DWELLING UNITS | 1 |

| PRIMARY RESIDENTIAL STRUCTURE | | | | | | |
|---|---|---|---|---|---|---|
| TOTAL LIVING SQ. FT. | 1372 | CARPORT SQ. FT. | 0 | ADDN/CONV | | NONE |

| 1ST FLOOR SQ. FT. | 1372 | STORIES | ONE STORY | POOL | NO |
|---|---|---|---|---|---|
| 2ND FLOOR SQ. FT. | 0 | BEDROOMS | 3 | SPA | NO |
| BASEMENT SQ. FT. | 0 | BATHROOMS | 2 FULL | TYPE OF CONSTRUCTION | FRAME STUCCO |
| GARAGE SQ. FT. | 455 | FIREPLACE | 1 | ROOF TYPE | COMP SHINGLE |